THOMAS G. MOUZES (SBN 099446)
**BOUTIN JONES INC.**
Attorneys at Law
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
Phone: 916.321.4444
Fax:    916.441.7597
Email: tmouzes@boutinjones.com

Counsel for Chapter 7 Trustee
Kimberly Husted

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

In re

ALEX FRANCOIS AND PATRICIA FRANCOIS,

            Debtors.

Case No. 2017-20981

DC NO.: TGM-4

**ORDER GRANTING TRUSTEE'S MOTION TO SELL 12% MEMBERSHIP INTEREST IN HERITAGE CENTRE LLC FREE AND CLEAR OF LIENS AND INTERESTS AND TO APPROVE PURCHASE AND SALE AGREEMENT**

Date:      June 20, 2018
Time:      10:00 A.M.
Location:  Department D, Crtrm 34
           501 I Street, 6th Floor
           Sacramento, CA

A hearing on the motion of Kimberly J. Husted, Chapter 7 Trustee in the above bankruptcy case ("Trustee") pursuant to 11 U.S.C. Section 363(b) and (f) and Federal Rules of Bankruptcy Procedure, Rules 2002(a)(2), 6004 and 9014 for an order to sell the 12% interest in Heritage Center LLC ("Membership Interest") free and clear of liens and interests and to approve the Purchase And Sale Agreement was held at the above date and time. Appearances were as stated on the record. The Court having reviewed the moving papers and having conducted an auction at the hearing on the

1

ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SALE FREE AND CLEAR OF LIENS AND INTERESTS AND [PUR]CHASE AND SALE AGREEMENT

RECEIVED
June 27, 2018
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006308576

motion of the Trustee, and J.R. Orton III aka Eddie Orton having made the successful bid of $415,000.00 to purchase the Membership Interest, and Partnership Liquidity Investors IV, LLC, a Delaware limited liability company, having made a back-up bid of $414,000.00, the Court <u>ORDERS</u> as follows:

1. The motion is granted and the Purchase And Sale Agreement, a copy of which is attached hereto as <u>Exhibit 1</u> is approved. Trustee is authorized to sell the Membership Interest to J.R. Orton III aka Eddie Orton for $415,000.00 USD in accordance with the terms of the Purchase And Sale Agreement, <u>Exhibit 1</u>. Should J.R. Orton III aka Eddie Orton fail to conclude the transaction, Trustee is then authorized to sell the Membership Interest to Partnership Liquidity Investors IV, LLC for $414,000.00 USD under the terms of the Purchase And Sale Agreement, Doc. No. 49 and 58, at the purchase price of $414,000.00 USD. The sale of the Membership Interest by Trustee shall be "AS IS," "WHERE IS" and "WITH ALL FAULTS," whether patent or latent, obvious or hidden, with no representations, express or implied, in accordance with the provisions of the Purchase And Sale Agreement.

2. The sale of the Membership Interest shall be free and clear of all existing liens and interests of whatever form of J.R. Orton III aka Eddie Orton and Amy Orton.

3. In the event J.R. Orton III aka Eddie Orton concludes the transaction, Trustee is authorized to pay Partnership Liquidity Investors IV, LLC a break-up fee of $5,000.00

4. Trustee is authorized to execute any and all instruments, documents and agreements necessary to and for the sale of the Membership Interest, including the Purchase And Sale Agreement, <u>Exhibit 1</u>, with J.R. Orton III aka Eddie Orton, and should he fail to conclude the transaction, the Purchase And Sale Agreement with the purchase price of $414,000.00 USD with Partnership Liquidity Investors IV, LLC, and to take any and all actions necessary or appropriate to perform, undertake, consummate, implement and close the sale, transfer and convey the Membership Interest, including, without limitation, executing all additional instruments, documents and agreements as may be necessary, expedient or proper to complete any and all confirmations, acknowledgments, conveyances, transfers, sales, grants, assignments and/or subordinations.

5. The Bankruptcy Court retains jurisdiction and power over any action, proceeding, dispute and/or matter arising under, arising out of, or related to or encompassed by the motion, the Purchase And Sale Agreement or the sale that is the subject of the motion and this Order.

6. The 14-day stay of Federal Rule of Bankruptcy Procedure, Rules 4001(a)(3), to the extent such rule may be applicable, and 6004(h) are waived.

APPROVED AS TO FORM AND CONTENT.

LAW OFFICES OF RAYMOND POLICAR

By: _____
     RAYMOND POLICAR

Attorney for J.R. ORTON III AKA EDDIE ORTON AND AMY ORTON.

SCHNEWEIS-COE & BAKKEN, LLP

By: _____
     LORIS BAKKEN

Attorneys for PARTNERSHIP LIQUIDITY INVESTORS IV, LLC, A DELAWARE LIMITED LIABILITY COMPANY,

IT IS SO ORDERED.

Dated: June 27, 2018

_____
Robert S. Bardwil, Judge
United States Bankruptcy Court

3

ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SALE FREE AND CLEAR OF LIENS AND INTERESTS AND APPROVE PURCHASE AND SALE AGREEMENT
941981.3

5. The Bankruptcy Court retains jurisdiction and power over any action, proceeding, dispute and/or matter arising under, arising out of, or related to or encompassed by the motion, the Purchase And Sale Agreement or the sale that is the subject of the motion and this Order.

6. The 14-day stay of Federal Rule of Bankruptcy Procedure, Rules 4001(a)(3), to the extent such rule may be applicable, and 6004(h) are waived.

APPROVED AS TO FORM AND CONTENT.
LAW OFFICES OF RAYMOND POLICAR

By: _____
    RAYMOND POLICAR

Attorney for J.R. ORTON III AKA EDDIE ORTON AND AMY ORTON.

SCHNEWEIS-COE & BAKKEN, LLP

By: _____
    LORIS BAKKEN

Attorneys for PARTNERSHIP LIQUIDITY INVESTORS IV, LLC, A DELAWARE LIMITED LIABILITY COMPANY,

IT IS SO ORDERED.

Dated: _____

_____
U.S. BANKRUPTCY COURT JUDGE

3

ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SALE FREE AND CLEAR OF LIENS AND INTERESTS AND APPROVE PURCHASE AND SALE AGREEMENT
941981.3

# EXHIBIT 1

Exhibit 1
Page 4

## PURCHASE AND SALE AGREEMENT

This Purchase and Sale Agreement (the "Agreement") dated as of June 20, 2018, is entered by and between J.R. Orton III aka Eddie Orton (the "Buyer") and Kimberly J. Husted, as Chapter 7 Trustee of Alex Dale Francois and Patricia Margaret Francois (the "Seller"). Seller and Buyer are each a "party" and together are the "parties."

### RECITALS

A. On February 17, 2017, Alex Dale Francois and Patricia Margaret Francois (the "Debtors") filed their voluntary petition under chapter 7 of the Bankruptcy Code and commenced the bankruptcy case entitled *In re Alex Dale Francois and Patricia Margaret Francois*, United States Bankruptcy Court, Eastern District of California, Case No. 17-20981-D-7 (the "Bankruptcy Case").

B. In their Schedule A/B filed in the Bankruptcy Case, the Debtors disclosed a 12% interest in Heritage Centre LLC (the "Membership Interest").

C. In their Schedule D filed in the Bankruptcy Case, the Debtors identified Eddie and Amy Orton (the "Ortons") as creditors having a lien on the Membership Interest.

D. Seller's investigation has revealed that Ortons' security interest in the Membership Interest is unperfected and Ortons have indicated that they will consent to the Seller's sale of the Membership Interest free and clear of Ortons' lien.

E. The Membership Interest is property of the bankruptcy estate of the Debtors.

F. In their Schedule C filed in the Bankruptcy Case, Debtors did not and do not assert a claim of exemption in or to the Membership Interest.

G. On or about March 12, 2018, Seller learned that a capital call had been made by Heritage Centre LLC under the applicable agreements and that Debtors' required contribution was approximately $50,000.00. The required capital contribution of Debtors has not been made by Seller and Seller has made Buyer aware of this capital call.

H. On June 20, 2018, Buyer was the successful over-bidder at the Bankruptcy Court sale of the Membership Interest, with a winning bid of $415,000.00.

I. Seller wishes to sell and Buyer wishes to purchase, the bankruptcy estate's interest in the Membership Interest as documented by this Agreement.

THEREFORE, the parties agree as follows:

# AGREEMENT

## Purchase and Sale of Membership Interest

1. <u>Sale and Purchase Amount</u>. Subject to the terms and conditions of this Agreement, Buyer shall purchase from the bankruptcy estate, and Seller shall sell to Buyer, the bankruptcy estate's interest in the Membership Interest for $415,000.00 (the "<u>Purchase Amount</u>"). Buyer's deposit of $7,600.00 will be credited against the Purchase Amount. The balance of the Purchase Amount of $407,400.00 shall be paid to Seller within 30 calendar days after entry of an order of the Bankruptcy Court authorizing this Agreement. (The transactions described in this Paragraph 1 shall be referred to as the "<u>Sale</u>.") The deposit and the balance of the Purchase Amount shall be paid by cashier's check, attorney trust account check good funds or wire transfer in accordance with the written instructions of Trustee payable to "Kimberly J. Husted, as Chapter 7 Trustee of Alex Dale Francois and Patricia Margaret Francois" Upon satisfaction of all conditions in this Agreement, the bankruptcy estate's interest in the Membership Interest will be transferred by Seller to Buyer by means of a Bill of Sale and Assignment substantially in the form attached as **Exhibit A**.

2. <u>Bankruptcy Court Approval and Other Conditions</u>. This Agreement and the transactions described in it are conditional on, and subject to, (a) Bankruptcy Court approval of the sale free and clear of liens; (b) the entry of an order approving the sale in a form and substance acceptable to Seller; (c) Bankruptcy Court approval of any settlement/agreement Seller has with Ortons and Heritage Centre LLC, all in a form and substance acceptable to Seller; (d) Seller and Buyer each properly completing and executing this Agreement or documents substantially similar to this Agreement to reflect the transaction and all related instruments, documents and agreements in a form and substance acceptable to Seller; and (e) performance by Buyer of his obligations under this Agreement and related instruments, documents and agreements including, without limitation, payment to Seller of the Purchase Amount.

3. <u>Return of Purchase Amount and Limitation of Remedies</u>. The Agreement as between Buyer and Seller shall be void and the Seller will return the Purchase Amount, if and to the extent paid, to the Buyer if (i) the Bankruptcy Court does not approve the proposed Sale; or (ii) the other conditions precedent fail to occur for any reason. Return of the Purchase Amount, if and to the extent paid, shall be the sole and exclusive remedy of Buyer against Seller in the event any of items (i) and (ii) of this Paragraph 3 occur.

4. <u>Breakup Fee</u>. Partnership Liquidity Investors IV, LLC, a Delaware limited liability company, shall be entitled to a breakup fee from the bankruptcy estate as reimbursement of the expenses incurred by it in an amount of $5,000 provided Buyer timely satisfies his payment obligations in full.

5. <u>Deadline</u>. All of the terms and conditions of this Agreement are expressly conditioned and contingent upon this Agreement being approved by the Bankruptcy

Court within 120 days after the date this Agreement is fully signed and returned to Seller.

6.  **Further Assurances.** Each party to this Agreement shall sign such further documents and take such further action as reasonably may be necessary to effectuate the terms of this Agreement.

7.  **Transfer Fees or Costs.** The Buyer shall pay any and all transfer fees or costs that may be incurred in connection with the transactions described in this Agreement. As a Chapter 7 bankruptcy trustee, Seller shall not incur or be responsible for any costs or fees in connection with the transactions described in this Agreement.

## Warranties and Representations

8.  **Disclaimer of Warranties by Seller.** Except as otherwise provided in Paragraph 9, Seller disclaims any and all representations or warranties concerning any matter or thing affecting or relating to the Sale, Heritage Centre LLC, and the Membership Interest, including without limitation any and all warranties or representations as to (a) fitness for any particular purpose, (b) merchantability, (c) quality, (d) condition, (e) income, (f) income potential, (g) operating expenses, (h) status of clients, (i) compliance with laws or regulations, or (j) tax matters.

9.  **Seller's Warranties and Representations.** Seller represents and warrants:

    (a)  Subject to Bankruptcy Court approval, Seller has all the power and authority necessary to enter into and perform her obligations under this Agreement in accordance with its terms and, upon its execution, this Agreement will constitute the valid and binding obligation of Seller, enforceable in accordance with its terms, subject only to satisfaction of the conditions of the Agreement.

    (b)  The Recitals in this Agreement are true and correct to the knowledge of Seller.

10. **Buyer's Warranties and Representations.** Buyer represents and warrants:

    (a)  Buyer is an individual over the age of 18.

    (b)  Buyer has all the power and authority necessary to enter into this Agreement and to perform his obligations under this Agreement in accordance with its terms, and, upon execution, this Agreement will constitute the valid and binding obligations of Buyer, enforceable in accordance with its terms, subject only to satisfaction of the conditions of the Agreement.

    (c)  The execution, delivery and performance of this Agreement will not conflict with, or result in a material breach or other material violation of, any contract, agreement, or instrument to which Buyer is a party.

(d) Buyer recognizes and acknowledges that Seller has only the bankruptcy estate's interest in the Membership Interest in her capacity as Chapter 7 Trustee of the Debtors and does not have detailed knowledge of any of the details of Heritage Centre LLC and the Membership Interest.

(e) Buyer is buying the bankruptcy estate's interest in the Membership Interest "AS IS," "WHERE IS" and "WITH ALL FAULTS," whether patent or latent, obvious or hidden, with no representations, express or implied.

(f) Buyer is not relying on any warranties, promises, statements, understandings, knowledge, or representations of Seller as to the condition of Heritage Centre LLC, the Membership Interest, or any other matter, including whether Buyer will or can be admitted as a member to Heritage Centre LLC.

(g) Buyer will not close this transaction unless and until it has had the opportunity to inspect, and in fact has inspected, Heritage Centre LLC and the Membership Interest and all matters relating to them and is fully knowledgeable about all relevant matters relating to Heritage Centre LLC and the Membership Interest and has had access to information and data relating to all of the same as Buyer considers necessary, prudent, appropriate, or desirable for the purposes of this Agreement, and Buyer has independently inspected, examined, analyzed and appraised and approved all of same.

(h) Buyer acknowledges that Seller has disclosed that a capital call had been made by Heritage Centre LLC under the applicable agreements and that Debtors' required contribution was approximately $50,000.00. The required capital contribution of Debtors has not been made by Seller and Seller has made Buyer aware of this capital call, and provided Buyer with documents and related contact information. Buyer further acknowledges that he has been advised by Seller to contact the Heritage Center LLC, 3049 Research Drive, Richmond CA 94806, Telephone No. 510-669-0256, attention Stephan Schwartz, for more information. Heritage Centre LLC has advised Seller that additional capital calls may be required in the future.

(i) Seller has made available to Buyer and Buyer has reviewed the Settlement And Consent Agreement among Seller, Ortons and the members and manager of Heritage Centre LLC.

(j) Except as otherwise provided in Paragraph 3, Buyer will not seek any remedy against Seller or her attorneys, accountants, agents or representatives, or the bankruptcy estate for any matter relating to Heritage Centre LLC and the Membership Interest.

(k) The Recitals in this Agreement are true and correct to the knowledge of Buyer.

### General Release

11. <u>Release</u>. In consideration of the mutual covenants contained herein, except as to any obligations created in this Agreement and subject to Court approval of the Sale, Buyer releases and forever discharges Seller, individually and as the representative of the bankruptcy estate, and her attorneys, agents, and employees, past and present; and the bankruptcy estate from any and all claims, causes of action, obligations, damages, and liabilities, known or unknown, that Buyer has, may have had in the past, or now has arising out of or relating to Heritage Centre LLC and the Membership Interest, and Buyer covenants and Buyer shall not file a claim of any type against Seller.

12. <u>Waiver</u>. Buyer understands and acknowledges it is possible that unknown losses or claims exist or that they may have underestimated losses or claims in amount or severity, and Buyer took that into account in determining the amount of consideration to be exchanged in the Agreement, and a portion of that consideration, having been bargained for between the parties with the knowledge of the possibility of such unknown claims, was given in exchange for a full accord, satisfaction, and discharge of all such claims. Thus, Buyer waives all rights under California Civil Code Section 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or her settlement with the debtor.

### Taxes and Assessments

13. <u>Taxes and Assessments</u>. Seller disclaims any and all representations or warranties as to taxes or assessments or the possible delinquency or default thereof, and shall not be responsible for any taxes or assessments incurred at any time before or after this Agreement is entered into. The Buyer fully assumes all responsibility and liability for these amounts.

### No Commissions

14. <u>No Commissions</u>. Neither Buyer nor Seller has employed a broker, finder or other agent (collectively and separately, a "<u>Broker</u>") who may be entitled to any commission, finder's fee or other compensation (collectively and separately, a "<u>Commission</u>") resulting from any action in connection with the Sale. To the extent any Broker asserts a right to any Commission in connection with the Sale, the party who is alleged to have engaged such Broker shall be responsible for any such Commission and related costs and expenses, to the extent recognized or allowed.

### Miscellaneous

15. <u>Entire Agreement, Modification, Waiver</u>. Each party warrants that no promise, inducement, or agreement not expressed herein has been made to it in connection with this Agreement and that this Agreement constitutes the entire

agreement between the parties. This Agreement may not be altered, amended, modified, or otherwise changed except by a writing signed by each party stating that it amends this Agreement. Each party agrees and acknowledges that it will make no claim that this Agreement has been orally altered or modified or otherwise changed by oral communication of any kind or character.

16. <u>Voluntary Agreement</u>. The parties have reviewed all aspects of this Agreement with their attorneys, have carefully read and fully understand all provisions of this Agreement, and they are entering into this Agreement voluntarily.

17. <u>No Reliance</u>. The parties acknowledge that in executing this Agreement they do not rely and have not relied on any representation or statement made by any party or by any of the parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this Agreement.

18. <u>Attorney's Fees</u>. Each party shall bear his/her own attorney's fees and costs in connection with this Agreement. However, in the event of a breach of this Agreement, the breaching party will pay reasonable attorney's fees and costs of the non-breaching party incurred by reason of the breach.

19. <u>Severability</u>. If any provision of this Agreement is held invalid or illegal, such illegality shall not invalidate the whole of this Agreement, but, rather, the Agreement shall be construed as if it did not contain the illegal part, and the rights and obligations of the parties shall be construed and enforced accordingly.

20. <u>Counterparts</u>. This Agreement may be signed in duplicate originals, each of which is equally admissible in evidence. The Agreement shall become effective when all parties have signed it or separate copies thereof. Signatures sent by fax or electronically in PDF format shall have the same force and effect as original signatures.

21. <u>Successors and Assigns</u>. This Agreement shall be binding upon the assigns and successors to the parties but Buyer may not delegate its duties under it.

22. <u>Interpretation</u>. Neither party shall be deemed to have drafted this Agreement but, instead, the Agreement shall be deemed drafted by all parties to this Agreement.

23. <u>Governing Law</u>. This Agreement shall be construed and enforced under California Law, except to the extent preempted by federal law, then federal law shall control.

24. <u>Retention of Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over any disputes relating to or arising from this Agreement, including without limitation enforcement of this Agreement.

[SIGNATURE CONTINUED ON FOLLOWING PAGE]

**SELLER:**

_____
KIMBERLY J. HUSTED, as Chapter 7 Trustee
of Alex Dale Francois and Patricia Margaret
Francois

**BUYER:**

_____
J.R. ORTON III aka Eddie Orton

## EXHIBIT A

### BILL OF SALE

KNOW ALL PERSONS BY THESE PRESENTS, that Kimberly J. Husted, Chapter 7 Trustee of Alex Dale Francois and Patricia Margaret Francois (the "Transferor") in the bankruptcy case entitled *In re Alex Dale Francois and Patricia Margaret Francois*, United States Bankruptcy Court, Eastern District of California, Case No. 17-20981-D-7 (the "Bankruptcy Case"), for good and valuable consideration, the receipt of which is hereby acknowledged, hereby grants, conveys, transfers and assigns unto J.R. Orton III aka Eddie Orton (the "Transferee"), all of the right, title and interest of the bankruptcy estate Alex Dale Francois and Patricia Margaret Francois in that certain member interest described in Schedule A/B filed in the Bankruptcy Case as a "12% interest in Heritage Centre LLC," and all other rights and interests related to that member interest, if any (collectively the "Membership Interest").

This sale, assignment and transfer of the Membership Interest is "AS IS" WHERE IS" and "WITH ALL FAULTS," whether patent or latent, obvious or hidden, with no right of set-off or reduction in the purchase price, and without any representation, warranty or recourse of any kind, express or implied (including, without limitation, warranty of income potential, operating expenses, uses, merchantability or fitness for a particular purpose), and, except to the extent specifically provided otherwise in Paragraph 9 of the Purchase and Sale Agreement dated as of June 20, 2018, by and between Transferor and Transferee (the "Agreement"), Transferor disclaims and renounces any such representation, warranty or recourse, express or implied.

This transfer is made in accordance with the Agreement in the Bankruptcy Case and with approval of the United States Bankruptcy Court, Eastern District of California.

IN WITNESS WHEREOF, Transferor has caused this instrument to be executed _____, 2018.

                                         KIMBERLY J. HUSTED, as Chapter 7 Trustee of Alex Dale Francois and Patricia Margaret Francois